21 F.3d 431
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Michael WEBBER, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-1991.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1994.*
Decided March 30, 1994.
 
 Before POSNER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Michael Webber pleaded guilty to distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Although Webber indicated in his proffer statement that he had pleaded guilty to selling 2.8 grams, the district court considered his relevant conduct, under U.S.S.G. Sec. 1B1.3, and sentenced him on the basis of selling 756 grams of cocaine. Webber did not file a direct appeal.
 
 
 2
 Webber later filed a motion under 28 U.S.C. Sec. 2255, in which he argued that, there was a breach of the plea agreement, the court failed to fulfill the requirements of Rule 32, his trial counsel was ineffective for failing to ensure that the court complied with Rule 32(c), and counsel was ineffective for failing to warn him that he no longer had a grant of immunity when he testified at his sentencing hearing. We affirmed the district court's denial of the motion. Webber v. United States, No. 90-2137, 1991 U.S.App. LEXIS 19047 (Aug. 14, 1991) (unpublished).
 
 
 3
 Now on appeal is the district court's denial of Webber's second motion filed under Sec. 2255. Curiously enough, neither the district court nor the government broach the question of whether the second motion is successive. Despite Webber's claim that the law has changed, some of his arguments overlap with the arguments in his first motion; however, the government had the burden of pleading abuse of the writ and did not do so. See McCleskey v. Zant, 499 U.S. 467 (1991) (government bears the burden of pleading abuse of the writ with clarity and particularity).
 
 
 4
 The thrust of this motion is that, by sentencing Webber on the basis of 756 grams of cocaine, the sentencing court misapplied the Sentencing Guidelines. Webber argues that U.S.S.G. Sec. 1B1.8 prohibits the use of information obtained through the defendant's cooperation. Although a defendant has a due process right to be sentenced on the basis of reliable and accurate information, see United States v. Tucker, 404 U.S. 443, 447 (1972), our review of claims concerning the misapplication of the Guidelines is limited. Scott v. United States, 997 F.2d 340 (7th Cir.1993). Challenges to the application of the Sentencing Guidelines must be brought on direct appeal, which may not substituted by a Sec. 2255 motion. In Scott we identified the type of "extraordinary circumstance" that would require a re-examination of the sentencing court's application of the Guidelines: "for example, a district court's refusal to implement a provision of the Guidelines designated for the defendant's benefit coupled with 'cause' for not taking a direct appeal." Id. at 343. We determined in the appeal from Webber's first motion that he had not established cause for failing to file a direct appeal. Webber, No. 90-3127, 1991 U.S.App. LEXIS 19047. As for Webber's claim that information obtained from his cooperation was improperly used against him, we also determined that the sentencing court made a credibility determination and considered the testimony of Rex Brown in finding that Webber had trafficked in approximately 756 grams of cocaine. Id. Our prior decision is not affected by the amendments to the Guidelines.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs